Alonzo OWENS, Appellant,

v.

The STATE of Texas, Appellee.

No. 05-92-01498-CR.

Court of Appeals of Texas,
Dallas.

Aug. 12, 1993.

Lawrence G. Boyd, Dallas, for appellant.

Robert P. Abbott, Dallas, for appellee.

Before BAKER, MALONEY and WHITTINGTON, JJ.

## OPINION

BAKER, Justice.

The grand jury indicted appellant for unlawful possession of cocaine with intent to deliver. Appellant pleaded not guilty and waived a jury. The trial judge found appellant guilty of the lesser offense of possession of cocaine and found the enhancement paragraphs true. The trial court assessed a thirty-year sentence. Appellant complains of the trial court's denial of his motion to suppress. We affirm.

## FACTUAL BACKGROUND

While on a routine early morning patrol, two police officers saw appellant driving west on Grand Avenue. Appellant turned right onto Myers without signaling his intent to turn. The officers turned on their red lights

and followed appellant. Appellant pulled into an apartment parking lot.

When appellant stopped his car, a passenger got out. The passenger confronted one of the officers as appellant walked away from the car. One of the officers ordered appellant to stop. Appellant then took a small package from his pocket and tossed it under a parked car. The officers arrested appellant. The officers recovered the discarded package, which contained twenty-four small plastic baggies of crack cocaine.

## MOTION TO SUPPRESS

In two points of error, appellant contends that the trial court erred in denying his motion to suppress. Appellant maintains that the police did not have probable cause to stop his car. Appellant contends that the lack of probable cause was police misconduct that resulted in the forced abandonment of his property.

Appellant further asserts that both article I, section 9 of the Texas Constitution and article 38.23 of the Texas Code of Criminal Procedure entitle him to greater protection than that afforded by the Fourth Amendment of the United States Constitution.

### A. Standard of Review

At a suppression hearing, the trial judge is the sole judge of the witnesses' credibility and the weight given their testimony. *Romero v. State,* 800 S.W.2d 539, 543 (Tex. Crim.App.1990). The trial judge may accept or reject any or all of the witnesses' testimony, including a defendant's, in determining the issue. *Sawyers v. State,* 724 S.W.2d 24, 35 (Tex.Crim.App.1986). Absent a showing of an abuse of discretion, we do not disturb the trial court's findings. *Meek v. State,* 790 S.W.2d 618, 620 (Tex.Crim.App.1990). We do not engage in our own factual review. *Romero,* 800 S.W.2d at 543. We only consider whether the trial court improperly applied the law to the facts. If the evidence supports the trial court's ruling, we do not disturb that ruling. *Romero,* 800 S.W.2d at 543.

### B. Applicable Law

#### 1. Traffic Violation

Under current traffic regulations:

No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in Section 65, or turn a vehicle to enter a private road or driveway, or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with safety. Except under conditions set out in Section 24(a) *no person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided.*

TEX.REV.CIV.STAT.ANN. art. 6701d, § 68(a) (Vernon 1977) (emphasis added). This section requires a turn signal without regard to safety hazards. *See Praska v. State,* 557 S.W.2d 83, 85 (Tex.Crim.App.1977).

#### 2. Probable Cause to Arrest

 Except for a speeding offense, an officer may arrest and take into custody a person seen committing a traffic offense. *See* TEX.REV.CIV.STAT.ANN. art. 6701d, § 153 (Vernon 1977); *see* TEX.CODE CRIM.PROC.ANN. art. 14.01(b) (Vernon 1977); *Tores v. State,* 518 S.W.2d 378, 380 (Tex.Crim.App.1975); *Soileau v. State,* 156 Tex.Crim. 544, 244 S.W.2d 224, 225 (1951) (op. on reh'g). If a person makes a turn without signaling his intention to do so, an officer observing this violation of the law may arrest that person. *Beck v. State,* 547 S.W.2d 266, 267 (Tex.Crim. App.1976); *Tores,* 518 S.W.2d at 380.

#### 3. Article 38.23

 Article 38.23 of the Texas Code of Criminal Procedure excludes any evidence obtained in violation of any provisions of the United States or Texas Constitutions or the laws of the United States or the State of Texas. *See* TEX.CODE CRIM.PROC.ANN. art. 38.23(a) (Vernon Supp.1993). The primary purpose of article 38.23 is to deter unlawful police conduct. *See Drago v. State,* 553 S.W.2d 375, 378 (Tex.Crim.App.1977).

## C. Application of Law to the Facts

Appellant contends that article I, section 9 of the Texas Constitution provides more protection than the Fourth Amendment of the United States Constitution. We disagree. We have already ruled adversely to appellant's argument on this issue. *See Brown v. State,* 830 S.W.2d 171, 174 (Tex.App.—Dallas 1992, pet. ref'd); *see Spillman v. State,* 824 S.W.2d 806, 811 (Tex.App.—Austin 1992, pet. ref'd).

■ Appellant also contends that article 38.23 of the Texas Code of Criminal Procedure provides greater protection than both the Fourth Amendment of the United States Constitution and article 1, section 9 of the Texas Constitution. We disagree.

The exclusionary language of article 38.23 applies only if an officer or other person obtains evidence in violation of either the constitutions or the laws of the United States or the State of Texas. Therefore, for an accused to obtain the protection of article 38.23, the police must have violated either the constitutions or laws of the United States or the State of Texas. For the reasons we state below, we conclude under the specific facts of this case that article 38.23 does not provide appellant greater protection than either the Fourth Amendment of the United States Constitution or article 1, section 9 of the Texas Constitution.

Appellant argues article 38.23 requires suppression of the evidence after he abandoned it because he was already under arrest when he abandoned the cocaine. Appellant relies on *Amores v. State,* 816 S.W.2d 407 (Tex.Crim.App.1991) and *Burkes v. State,* 830 S.W.2d 922 (Tex.Crim.App.1991), in support of this contention. *Amores* and *Burkes* are distinguishable from the facts in this case. Neither *Amores* nor *Burkes* involved an abandonment issue.

Appellant asserts that the officers lacked probable cause to stop his car. Again, we disagree. The officers saw appellant make a right turn, but he did not signal his intent to turn. The officers then turned on their red lights. Appellant stopped his car in an apartment parking lot. Appellant got out of the car and tried to walk away. One of the officers told appellant to stop. Appellant then threw a package underneath a car. The other officer retrieved the package. The package held twenty-four small baggies of crack cocaine. The officer said that once he stopped appellant's car, he planned to issue a citation for failure to signal intent to turn.

Under section 68(a) of the Texas Revised Civil Statutes, the failure to use a turn signal is a traffic violation. TEX.REV.CIV.STAT.ANN. art. 6701d, § 68(a) (Vernon 1977). Appellant's violation of section 68(a) provided probable cause to arrest appellant. TEX.REV.CIV. STAT.ANN. art. 6701d § 153 (Vernon 1977); *Beck,* 547 S.W.2d at 267; *Tores,* 518 S.W.2d at 380. Consequently, the police officers did not engage in any misconduct when they stopped appellant. Because the police had statutory authority to stop and arrest appellant, the exclusionary effect of article 38.23 does not apply in this case. TEX.CODE CRIM. PROC.ANN. art. 38.23(a) (Vernon Supp.1993); *Drago,* 553 S.W.2d at 378. Because there was no police misconduct, we do not reach appellant's involuntary abandonment claim. *See Comer v. State,* 754 S.W.2d 656, 658 (Tex.Crim.App.1986) (op. on reh'g).

We hold the trial court did not abuse its discretion in denying appellant's motion to suppress. The trial court properly admitted the evidence. We overrule appellant's two points of error.

We affirm the trial court's judgment.