**Mark NITE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–93–00381–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 25, 1994.

---

Anthony Osso, Houston, for appellant.

John B. Holmes, Jr., Alan Curry, J. Hileman Harris, for appellees.

Before O'CONNOR, DUGGAN and HEDGES, JJ.

## OPINION

O'CONNOR, Justice.

The appellant, Mark Nite, was charged with possession of marijuana. After the trial court denied the appellant's motion to suppress, the appellant entered a guilty plea pursuant to a plea agreement, and the trial court assessed punishment at seven years deferred adjudication together with a fine of $500.

We affirm.

### Facts

On April 16, 1992, Houston Police Officer Corley received information from an employee of the Budget Rent–a–Car at Hobby Airport that a person named Jaime Joseph reserved a car for a one day, one-way car rental from Houston to Birmingham, Alabama. Budget told Corley that Joseph had made three similar one-way rentals in the past two months. Based on the information received, the police began surveillance at Budget. Officer Jones and his unit saw two men, Joseph and the appellant, drive up in a black *Infinity* registered to Joseph. Both men went into the Budget car rental office.

From the Budget car rental office, the surveillance unit learned that Joseph had rented a Mercury Sable and did not list any additional drivers on his rental agreement. After leaving the Budget office, Joseph got in his Infinity and drove over to the rental car, while the appellant walked from the car rental office to the rental car. Joseph and the appellant began to unload clothes and luggage from Joseph's Infinity into the trunk and back seat of the rental car. Joseph then got back into his car, and the appellant got into the rental car.

The surveillance unit followed both cars as they left the airport and continued to follow the appellant in the rental car once Joseph and the appellant separated. The appellant drove on I–10 east at 75 miles per hour. The surveillance unit radioed a Houston Police Department patrol car to stop the appellant for his speeding violation. By the time the patrol car stopped the appellant, the appellant was in Baytown, Harris County. The appellant got out of the rental car and gave

the officer who made the stop his driver's license. Officer Jones testified that the appellant gave his consent to the officers to search the glove compartment. Jones searched the glove compartment of the rental car and found a copy of the rental agreement, which confirmed that Joseph rented the car and did not list any additional drivers. After searching the glove compartment, Jones asked the appellant some questions. The appellant told the officers that he was going to Atlanta, Georgia for a job interview. The officers knew from talking to Budget and from reading the rental agreement that the car was to be returned to Birmingham, Alabama the next day.

The officers asked the appellant if he had a key to the trunk of the car, and he told them he did not. Only the ignition key was on the key ring. He told the officers that Budget had not given him a trunk key and that nothing was in the trunk. The officers had seen the appellant and Joseph open the trunk of the rental car with a key and put luggage inside. The officer called the Budget office, and an employee told him that the trunk key was on the same key ring as the ignition key. The officers found the trunk key in the owner's manual that they removed from the glove compartment. The officer then contacted the Budget office again and asked if he could search the car. An unidentified Budget employee stated he could. The officers then searched the trunk and the luggage and found marijuana. They arrested the appellant. The appellant testified that he did not give the officers permission to search the trunk or the luggage inside.

## Standard of review

The trial court is the sole trier of fact at a hearing on a motion to suppress, and we are not at liberty to disturb any finding that is supported by the record. *Whitten v. State,* 828 S.W.2d 817, 820 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). It is the trial court's prerogative to believe the officer's version of the facts and to disbelieve another's version. *Stephenson v. State,* 494 S.W.2d 900, 904 (Tex.Crim.App.1973); *Lopez v. State,* 663 S.W.2d 587, 591 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd).

On appeal, we do not engage in our own factual review, but decide whether the trial court's ruling is supported by the record. *Whitten,* 828 S.W.2d at 820. In our review, we consider the evidence in the light most favorable to the trial court's ruling. *Mitchell v. State,* 831 S.W.2d 829, 831 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). We will not disturb the trial court's ruling unless the trial court clearly abused its discretion. *Meek v. State,* 790 S.W.2d 618, 620 (Tex. Crim.App.1990); *Mitchell,* 831 S.W.2d at 831. If the trial court's findings are supported by the record, the only question we may address is whether the trial court improperly applied the law to the facts. *Whitten,* 828 S.W.2d at 820.

## Motion to Suppress

In his sole point of error, the appellant complains the trial court erred in denying his motion to suppress. The appellant contends that the Houston Police officers who stopped him for speeding in Baytown were without authority or jurisdiction to make the stop, and the search of the rental car was illegal. As preliminary matters, the State contests the appellant's right to appeal the trial court's denial of his motion to suppress because he waived his appeal and because he did not have standing to complain of the search of the rental car.

### a. Waiver of appeal

The state contends that the appellant waived error on appeal because his notice of appeal did not comply with TEX.R.APP.P. 40(b)(1). Rule 40(b)(1) states, in part:

[I]f a judgment was rendered upon a plea of guilty or nolo contendere ... and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to the entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

The appellant's notice of appeal does not meet the requirements of rule 40(b)(1).

However, the supplemental transcript contains an order signed by the trial court granting the appellant permission to appeal its decision on his motion to suppress.

The appellant's "general" notice of appeal coupled with the trial court's order substantially complies with rule 40(b)(1) to permit review of the appellant's point of error. *Riley v. State*, 825 S.W.2d 699, 701 (Tex.Crim. App.1992); *see Davis v. State*, 870 S.W.2d 43, 46–47 (Tex.Crim.App.1994) (suggests that a general notice of appeal when combined with some order limiting the appeal, complies with requirement of rule 40(b)(1)). Therefore, the State's argument is without merit.

### b. Standing

■ During the suppression hearing, the State presented testimony and argued to the trial court that the appellant did not have standing to complain of the legality of the search of the rental car. The trial court specifically overruled the State's standing argument. On appeal, the State argues it is entitled to argue the appellant had no standing to challenge the search, even though the trial court rejected that argument. *See Calloway v. State*, 743 S.W.2d 645, 651–52 (Tex. Crim.App.1988) (if a ruling is correct on any theory of law applicable to the case it will not be disturbed on appeal); *Wilson v. State*, 692 S.W.2d 661, 671 (Tex.Crim.App.1984) (op. on reh'g) (court could sustain a trial court's denial of a motion to suppress on standing, even though the issue was not considered by the trial court). We agree with the State.

The issue of standing is based on a defendant's reasonable expectation of privacy and goes to the merits of the defendant's fourth amendment claim. The State notes that, although no Texas court has decided the issue of whether a defendant has standing to challenge the search of a rented vehicle in which he is not an authorized driver, some federal courts have confronted the issue. *See United States v. Kye Soo Lee*, 898 F.2d 1034, 1038 (5th Cir.1990) (driver of rental truck, who had permission from the lessee but not the lessor, had standing to challenge the search)[1]; *contra United States v. Boruff*, 909 F.2d 111, 117 (5th Cir.1990) (driver of a rental car who had permission from the lessee but not the lessor, did not have standing to challenge the search)[2].

We must determine whether the appellant has a legal right or interest or "reasonable expectation of privacy" in the rental car that was searched. *Patel v. State*, 856 S.W.2d 486, 488 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd) (because the police had the right to seize a stolen vehicle and conduct an inventory search, defendant did not have standing to challenge search of a car he had stolen). To determine if the appellant's subjective expectation of privacy is reasonable, we must consider whether it is one society is willing to recognize. *Id.* Thus, the question of whether a defendant can claim the protection of the fourth amendment hinges "not upon a property right in the invaded place but upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place." *Rakas v. Illinois*, 439 U.S. 128, 143, 99 S.Ct. 421, 430, 58 L.Ed.2d 387 (1978) (passengers in vehicle, who did not show any legitimate expectation of privacy in the glove compartment or under the seat, could not challenge search).

There are Texas cases holding that a defendant has standing to challenge the search of a car he does not own if the defendant

1. In *Kye Soo Lee*, two defendants drove a truck rented by the third defendant. *Kye Soo Lee*, 898 F.2d at 1038. The court held that because the two were operating the truck with the permission of the lessee, they had standing to challenge the search. *Id.*

2. The *Boruff* and *Kye Soo Lee* opinions were issued within a few months of each other by different panels of the Fifth Circuit and do not seem to be reconciled by any later opinion.

    In *Boruff*, the defendant's girlfriend rented a car under her name for the defendant's use in drug smuggling. The court stated that, under the express terms of the rental agreement, the girlfriend was the only legal operator of the car, and she had no authority to give control of the car to the defendant. *Boruff*, 909 F.2d at 117. The court noted that the rental agreement also expressly forbade any use of the car for illegal purposes. *Id.* The court said the defendant was well aware of these restrictions when he took possession of the car, and therefore, he did not have any legitimate expectation of privacy in the car. *Id.*

shows that he gained possession of the borrowed car from the owner or from someone authorized to give permission to drive the car. *State v. Bassano,* 827 S.W.2d 557, 559–60 (Tex.App.—Corpus Christi 1992, pet. ref'd) (defendant had standing to challenge search of car registered to his wife because of community property laws); *Stine v. State,* 787 S.W.2d 82, 85 (Tex.App.—Waco 1990, pet. ref'd) (defendant, who worked for car repair shop and had authority to test drive vehicles left for repairs, had standing to challenge search of car which he used to commit murder); *see also Sutton v. State,* 711 S.W.2d 136, 138 (Tex.App.—Houston [14th Dist.] 1986, no pet.) (defendant did not have standing where there was no evidence he had consent of owner to drive car).

Here, the appellant had neither the consent of the owner nor the consent of someone authorized to give him permission to drive the car. Budget authorized Joseph to rent the car. However, the rental agreement expressly provided:

> The Renter and the following validly licensed individuals with Renter's permission ("Authorized Drivers") may operate the Vehicle: Renter's spouse, employer or co-workers if engaged in business related activities with the Renter; persons parking the Vehicle at commercial establishments; or persons during an imminent life-threatening emergency situation. *All other additional Authorized Drivers must appear at the time of rental and be named on the face of the Agreement . . . .*

(Emphasis added.) The appellant was not listed as an additional driver in the agreement. The evidence shows that the appellant's possession of the car violated the rental agreement between Joseph and Budget.[3] The Budget contract did not give the appellant permission to drive the car, and Joseph, the lessee, was not authorized to give the appellant permission to drive the car. We find the appellant did not have a legitimate expectation of privacy in his use of the car. *Boruff,* 909 F.2d at 117. Therefore, the appellant does not have standing to challenge the legality of the search of the rental car.

### c. Legality of the stop

■ The appellant contends the Houston Police Officer who made the initial stop did not have jurisdiction in Baytown, and therefore, the marijuana seized as a result of the search was inadmissible evidence. Both the appellant and the State rely on *Angel v. State,* 740 S.W.2d 727 (Tex.Crim.App.1987), to support their positions on the officer's jurisdiction to stop the appellant for a traffic violation outside city limits but inside Harris County. In *Angel,* the court concluded that a Tomball police officer had county-wide jurisdiction to arrest an offender. *Id.* at 732–36.

The Uniform Act Regulating Traffic on Highways, Tex.Rev.Civ.Stat. art. 6701d, § 153 (Vernon 1977), authorizes any peace officer to arrest without warrant any person found committing a violation of any provision of the act. Article 14.01(b) of the Texas Code of Criminal Procedure (Vernon 1977) authorizes a peace officer to arrest an offender without a warrant for any offense committed in his presence or within his view. The *Angel* court noted that these two provisions seem to grant peace officers unlimited geographic jurisdiction for making warrantless arrests committed in their presence or within their view. *Angel,* 740 S.W.2d at 732. If a statute granting authority to act does not define the geographic scope within which a peace officer may act, then that geographic scope must find its source in some other statute or be controlled by the common law. *Id.* After analyzing the relevant statutes, the *Angel* court concluded that city police officers have county-wide jurisdiction to arrest offenders. *Id.* at 733.

In this case, the appellant committed a traffic violation by driving 75 miles per hour in a 55 mile per hour zone. The Houston police officer had jurisdiction to stop the appellant in Baytown for the violation because his jurisdiction encompasses all of Harris County. *Angel,* 740 S.W.2d at 732.

■ The appellant argues that speeding is a traffic violation for which an arrest cannot be made, and therefore, the officer was not

---

**3.** The agreement also provided that the renter agrees that the car will not be used for any felony act including transportation of drugs or contraband.

authorized to stop the appellant for the offense, citing *Tores v. State*, 518 S.W.2d 378 (Tex.Crim.App.1975). The appellant's reliance on *Tores* is misplaced. The *Tores* court did not hold that speeding was a traffic offense for which an arrest could not be made; the court stated that an officer could not take a defendant into custody for a speeding offense. *Id.* at 380.

Section 153 of article 6701d does not exempt speeding from the list of traffic offenses for which an officer can make an arrest. Section 148(a) of article 6701d provides:

> Whenever a person is arrested for any violation of this Act punishable as a misdemeanor, and such person is not immediately taken before a magistrate as hereinbefore required, the arresting officer shall prepare in duplicate written notice to appear in court.... ***Provided, however, that the offense of speeding and the offense defined in Section 107E shall be the only offenses making mandatory the written notice to appear in court, and only then if the arrested person gives his written promise to appear in court ...*** and *provided further, that it shall not be mandatory for an officer to give a written notice to appear in court to any person arrested for the offense of speeding ...* when such person is operating a vehicle licensed in a state or country other than the State of Texas or who is a resident of a state or country other than the State of Texas....

TEX.REV.CIV.STAT.ANN. art. 6701d, § 148(a) (Vernon Supp.1994) (emphasis added). This provision makes clear that an arrest can be made for a speeding violation. Therefore, because the officer had the authority to make an arrest under the traffic code, his jurisdiction extended county-wide. *Angel*, 740 S.W.2d at 733.

Moreover, section 153 of article 6701d provides that any peace officer is authorized to arrest without warrant any person found committing a violation of *any* provision of the Act. Section 166 of article 6701d, TEX.REV. CIV.STAT.ANN. art. 6701d, § 166 (Vernon Supp.1994), governs speeding restrictions, and is a provision of the Act. Therefore, a peace officer can arrest anyone violating the speed restrictions.

We overrule the appellant's point of error.

We affirm the trial court's judgment.