Norma Jean CUTTER–ASCOLI and Zachary Shane Ascoli, by his next friend, Norma Jean Cutter Ascoli, Respondents,

v.

Dean Edward ASCOLI, Appellant.

No. ED 76585.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 21, 2000.

James C. Dowling, Fulton, for appellant.

Henry Gerhardt, St. Charles, for respondent.

Before AHRENS, P.J., CRANDALL, J., and JAMES R. DOWD, J.

## *OPINION*

JAMES R. DOWD, Judge.

Husband Dean Edward Ascoli appeals from the denial of his motion to set aside a default judgment rendered in favor of his wife, Norma Jean Cutter Ascoli. The judgment dissolved the couple's marriage, and awarded wife primary legal and physical custody of their son, Zachary. We reverse and remand, with instructions to set aside the default judgment and allow the case to proceed on the merits.

Zachary Ascoli was born to Norma Jean Cutter and Edward Ascoli on May 21, 1993. The Ascoli's married on July 29, 1995, but their marriage deteriorated rapidly. On December 30, 1996 wife filed for divorce in Callaway County. A bitter dispute soon erupted over Zachary's custody, prompting extensive discovery, psychological evaluations of husband and wife and the appointment of two successive Guardians ad Litem. Husband and wife actively litigated this dispute for 3 years and 11 months in Callaway County. Zachary is now eight years old.

For reasons unclear from the record, wife elected to dismiss her petition in Callaway County and on January 8, 1999, she filed a motion to dismiss that petition. On that same day she filed a second petition for dissolution of marriage in St. Charles County. On January 11, 1999, both parties received notice that wife's motion to voluntarily dismiss her petition had been denied, and that the Callaway County Court had granted husband leave to file a counter-petition. That order reads:

> Respondent given leave to file Counter Petition. Court declines to enter order for dismissal of Petitioner's Petition there being no showing that Attorney of Record Tim Brady has been given leave to withdraw and that there is outstanding an order for payment of Guardian ad Litem fees. Cause passed to trial setting.

On Feb. 5, 1999 wife challenged the denial of her motion to dismiss by applying for a writ of prohibition with the Western District Court of Appeals, alleging that Callaway County lacked jurisdiction to deny her motion to dismiss. In response, the Western District issued a preliminary writ of prohibition in the form of a "Stop Order." This order, issued on February 8, commanded the Callaway Court to "refrain from taking further action on the case in any respect other than to dismiss the underlying lawsuit ... until further order of this court." Because of this order, the Callaway County Court granted wife's motion to dismiss on February 23, 1999.

On February 5, 1999, the same day she applied for her writ of prohibition against the circuit judge in Callaway County, wife obtained service of process on husband in St. Charles County. Under Supreme Court Rule 55.25(a), husband had 30 days to answer wife's St. Charles petition, but husband did not do so. On the 32nd day, March 9, 1999, wife moved for default judgment in St. Charles.

Two days after wife moved for default judgment in St. Charles, the Western District made a final disposition of wife's writ application by declaring it moot because the Callaway Court granted wife's motion to dismiss on February 23, 1999.

On March 12, 1999, one day after the Western District's dismissal of wife's writ, St. Charles proceeded with wife's request for a default judgment. Husband did not answer or appear. The St. Charles court then dissolved the Ascoli's marriage and granted wife primary legal and physical custody of Zachary.

Husband answered wife's St. Charles petition six days later, on March 18, 1999, and six days after that filed his motion to set aside the March 12 default judgment. In response, wife alleged that husband's motion to set aside was insufficient because it failed to allege "facts constituting a meritorious defense" as required by Missouri Supreme Court Rule 74.05(d).

On April 23, 1999, The St. Charles court granted husband one week to file a memo-

randum of law in support of his motion to set aside, but denied husband leave to amend his motion to correct technical defects.[1]

Husband made his proposed amended motion to set aside part of the record by filing it with his memorandum. That amended motion cured the defects of his original motion to set aside, but the court refused to consider it. Rather, the St. Charles Court ruled upon the husband's original motion to set aside, and denied it because he failed to allege "facts constituting a meritorious defense" as required by Missouri Supreme Court Rule 74.05(d).[2]

■ Husband and the Guardian ad Litem now appeal this ruling. Husband argues that the trial court erred in overruling his motion to set aside because default judgments are especially disfavored where child custody is at issue. *Hayes v. Hayes*, 671 S.W.2d 423 (Mo.App. E.D.1984); *Hinson v. Hinson*, 518 S.W.2d 330 (Mo.App. 1975). The Guardian ad Litem argues that the court erred in overruling husband's motion because husband had a meritorious defense on the issues of child custody, child support and property division.

■ Generally, a decision to sustain or overrule a motion to set aside a default judgment is grounded on the sound discretion of the trial court, and we sustain a refusal to set aside unless it appears "manifest that the refusal to set aside was arbitrary." *Hinson*, 518 S.W.2d at 332; *see also Hayes*, 671 S.W.2d at 423. But where child custody is concerned, the welfare of the child becomes paramount and the trial court's discretion is more narrowly bounded. Because the adversarial process better protects the child's interest in a custody proceeding, default judgments in custody cases are strongly disfavored and

a refusal to set aside such a judgment is reviewed with heightened scrutiny. *Hinson*, 518 S.W.2d at 332.

*Hinson* illustrates this principle and is factually similar to the instant case. In *Hinson*, a father obtained custody over two young girls when the mother did not appear for trial. The mother moved to set aside the default, alleging, only "in general terms," facts which constituted a meritorious defense and good cause to set aside the default judgment. *Id.* at 332. The trial court denied her motion. *Id.* The Appellate Court reversed, noting that "in the usual civil case and under normal circumstances the facts existing here would not warrant interference by an appellate court ... but because we are extremely concerned with the welfare of [the children] ... whose best interests might be served by an adversary hearing with regard to the fitness of [the parent] to have permanent custody ... we have concluded that the decree below must be set aside." *Id.* at 333.

> *Hayes* also acknowledges this principle: Ordinarily, we review the court's refusal to set aside a default judgment on the basis of whether it is manifest that the refusal to set aside was arbitrary. In applying this standard, we are mindful of the admonition of Judge Weier in Hinson, that strict rules pertaining to such judgments are less rigorously applied in a dissolution case, especially in matters involving child custody.

*Hayes*, 671 S.W.2d at 425 (internal citations and quotations omitted).

As in *Hinson*, this case involves child custody and thus requires heightened scrutiny. The unique timing of the motion to dismiss, the denial and subsequent grant of that motion, the filing of the St.

---

1. The court denied husband leave to amend despite Missouri Supreme Court Rule 55.33, which mandates that leave to amend shall be freely granted.

2. Husband's motion to set aside used the phrase "meritorious claim" rather than "mer-

itorious defense." We note that his terminology is more accurate in the context of this case because husband is not "defending" against a charge from his former wife. Rather, he is "asserting a claim" for the custody of his son.

Charles dissolution petition, the short period of time between the entry of judgment and the motion to set aside require us to reverse the trial court's denial of husband's motion to set aside.

The trial court abused its discretion when it denied husband's motion to set aside the default judgment of March 12, 1999. We reverse and remand, with instruction to set aside the default judgment and allow the case to proceed on the merits.

AHRENS, P.J. and CRANDALL, J., concur.