WITHDRAWN
12-11-02




IN THE
TENTH COURT OF APPEALS
 

No. 10-01-263-CV

     STEPHEN MONTEITH CLARKE,
                                                                         Appellant
     v.

     HARRIS L. KEMPER, ET AL.,
                                                                         Appellees
 

From the 133rd District Court
Harris County, Texas
Trial Court # 00-06086
                                                                                                                
                                                                                                         
CONCURRING AND DISSENTING OPINION
                                                                                                                

      The majority has worked through a very complicated appeal. The facts in this case are
complicated. Indeed, even the parties could not keep them straight and submitted a charge that
referred to entities that did not even exist. Additionally, the legal analysis was not the type of
straight forward application of established legal principles that allows for the quick disposition of
an appeal. Notwithstanding the yeoman work, they err in making an affirmative award of attorney
fees.
      An intermediate appellate court does not have the authority to make an award of discretionary
attorney fees. The majority properly concludes that the trial court's award of attorney fees to
Kemper and 2840 Chimney Rock Ltd. was error and reverses that portion of the judgment. But
we do not have the discretion, like the trial court can properly exercise, to award Clarke attorney
fees. This determination is subject to the discretion of the trial court. We can only review the
exercise of the trial court's discretion. Thus, we are limited to remanding for a determination of
whether Clarke is entitled to attorney fees to the trial court.
      I respectfully note my dissent on this issue, otherwise I concur in the reasoning and judgment
of the majority opinion.

                                                                         TOM GRAY
                                                                         Justice

Concurring and dissenting opinion delivered and filed on September 4, 2002
Do not publish



#160;     The jury found Appellant guilty of possessing cocaine with intent to deliver. At the
punishment phase the State put on evidence that Appellant had been arrested for carrying a
gun, for criminal trespass, and for possession of marihuana. Deputy Harris testified that
Appellant was an associate of Blood gang members and a member of the Sky Line Posse gang;
that the primary function of the Sky Line Posse gang was to traffic narcotics; and that the
primary purpose of street gangs in general is for narcotics trafficking, drive-by shootings and
robberies.
      Next, the State called Deputy Ramirez who testified that on April 25, 1997, he arrived at
an Exxon Station on Foster Road at 3:00 a.m. and found a black male slumped over in a
Lincoln automobile. The man had blood stains on his chest and appeared to be deceased. Dr.
DiMaio testified that the man was Mark Robinson who had died of a gunshot wound in the
chest.
      Detective Damiani testified he was the investigator of the murder of Mark Robinson; that
he was put in touch with Alfred Johnson who was in the Bexar County jail; that Johnson was
an eyewitness to the murder of Mark Robinson. Damiani found corroboration in Johnson’s
story from Robert Alzapiedi who was another eyewitness to the murder. Both Johnson and
Alzapiedi identified Appellant as the murderer from a photo spread.
      The State then called Alfred Johnson who testified he was with Appellant and Appellant’s
brother, Leroy, on the night of April 25, 1997; that they were riding around in a “geeker” (a
car a “crackhead” loaned to his drug dealer in exchange for crack cocaine); that they began
bumping a car driven by a black male; that the man then drove into an Exxon station; that
Appellant then got out of his car, took out a gun and pointed it into the man’s car; and Johnson
then heard gunshots; and that Appellant bragged about the shooting after it happened.
      The defense called Diane Lynch to the stand. She testified that Appellant lived with her
for seven or eights months beginning in January 1997. She also testified that Appellant was
shot in the foot in January 1997; that he had some large pins in his foot and that even after the
pins were removed Appellant could not walk without crutches; that Appellant and Johnson did
not get along; that Appellant still had pins in his foot in April 1997; and that Appellant’s
brother, Leroy, was sent to a juvenile-detention facility in March 1997.
      Appellant was recalled and testified he was shot in January 1997; had surgery to his right
leg; had pins in his foot and could not walk without crutches until June 1997; and also that his
brother had been placed in a juvenile-detention facility in March 1997.
      On cross-examination Appellant admitted he sold drugs; admitted carrying the weapon that
Officer Phillips saw him within October 1997; confessed to his gang affiliation, but denied that
he killed Mark Robinson.
      The State called Robert Alzapiedi in rebuttal who testified that on the night of April 25,
1997, he was walking past the Exxon station on Foster Road and saw a blue four-door car pull
into the station; that next a red sports car drove in; then four or five guys got out and he saw
one of them pull out a gun, point it at the window of the blue car, and then heard gun shots. 
Alzapiedi identified Appellant as the shooter.
      The jury assessed Appellant’s punishment at 75 years in prison.
      By new counsel Appellant appeals on one point of error: “Appellant was denied effective
assistance of counsel at his trial.”
      Specifically, Appellant asserts five allegations of trial counsel’s ineffective assistance.
      This court, in an opinion delivered August 25, 1999, overruled Appellant’s point holding
such barred by failure to comply with Rule 33.1(a) of the Texas Rules of Appellate Procedure. 
The Court of Criminal Appeals in an opinion delivered April 12, 2000 held that Rule 33.1(a) is
inapplicable to ineffective assistance of counsel claims, vacated our judgment and remanded the
cause to this court for consideration of Appellant’s claims on the merits.
      The Court of Criminal Appeals has set out the applicable case law in Thompson v. State, 9
S.W.3d 808, 812, 13 as follows:
APPLICABLE CASE LAW
Texas courts adhere, as we must, to the United States Supreme Court’s
two-pronged Strickland v. Washington, 466 U.S. 668, 104 S.Ct.2052, 80
L.Ed.2d 674 (1984), test to determine whether counsel’s representation was
inadequate so as to violate a defendant’s Sixth Amendment right to counsel. 
Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986). The
defendant must first show that counsel’s performance was deficient, i.e., that
his assistance fell below an objective standard of reasonableness. McFarland
v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), cert denied, 519
U.S. 1119, 117 S.Ct. 966, 136 L.Ed.2d 851 (1997); Ex Parte Menchaca,
854 S.W.2d 128, 131 (Tex. Crim. App. 1993). Second, assuming Appellant
has demonstrated deficient assistance, it is necessary to affirmatively prove
prejudice. McFarland v. State, 928 S.W.2d at 500. In other words,
appellant must show a reasonable probability that, but for counsel’s
unprofessional errors, the result of the proceeding would have been different. 
A reasonable probability is a probability sufficient to undermine confidence
in the outcome. Hernandez v. State, 726 S.W.2d at 55. This two-pronged
test is the benchmark for judging whether counsel’s conduct so undermined
the proper functioning of the adversarial process that the trial cannot be relied
on as having produced a reliable result. McFarland v. State, 845 S.W.2d
824, 843 (Tex. Crim. App. 1992), cert. denied, 508 U.S. 963 113 S.Ct.
2937, 124 L.Ed.2d 686 (1993).
 
The assessment of whether a defendant received effective assistance of
counsel must be made according to the facts of each case. Ex Parte Scott,
581 S.W.2d 181, 182 (Tex. Crim. App. 1979). Any allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness. McFarland v. State,
928 S.W.2d at 500. Failure to make the required showing of either deficient
performance or sufficient prejudice defeats the ineffectiveness claim. Ibid. 
Absent both showings an appellate court cannot conclude the conviction
resulted from a breakdown in the adversarial process that renders the result
unreliable. Ex Parte Menchaca, 854 S.W.2d at 131. Appellant bears the
burden of proving by a preponderance of the evidence that counsel was
ineffective. Cannon v. State, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984). 
An appellate court looks to the totality of the representation and the particular
circumstances of each case in evaluating the effectiveness of counsel. Ex
Parte Felton, 815 S.W.2d 733, 735 (Tex. Crim. App. 1991). However,
while this Court has been hesitant to “designate any error as per se
ineffective assistance of counsel as a matter of law,” it is possible that a
single egregious error of omission or commission by appellant’s counsel
constitutes ineffective assistance. Jackson v. State, 766 S.W.2d 504, 508
(Tex. Crim. App. 1985) (failure of trial counsel to advise appellant that judge
should assess punishment amounted to ineffective assistance of counsel)
(modified on other grounds on remand from U.S. Supreme Court, Jackson v.
State, 766 S.W.2d 518 (Tex. Crim. App. 1988)). Se also Ex Parte Felton,
815 S.W.2d at 735 (failure to challenge a void prior conviction used to
enhance punishment rendered counsel ineffective). This position finds
support in opinions of the United States Supreme Court, which has also held
that a single egregious error can sufficiently demonstrate ineffective
assistance of counsel. Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639
2649, 91 L.Ed.2d 397 (1986); United States v. Cronic, 466 U.S. 648, 104
S.Ct. 2039, 2046 n. 20, 80 L.Ed.2d 657 (1984). When handed the task of
determining the validity of a defendant’s claim of ineffective assistance of
counsel, any judicial review must be highly deferential to trial counsel and
avoid the deleterious effects of hindsight. Ingham v. State, 679 S.W.2d 503,
509 (Tex. Crim. App. 1984). There is a strong presumption that counsel’s
conduct fell within the wide range of reasonable professional assistance. 
Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2065, 80 L.Ed.2d
674 (1984); Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

      Appellant’s first allegation of ineffective assistance is the failure of his trial counsel to
timely request notice of the State’s intention to introduce evidence of prior crimes or bad acts. 
Appellant speculates that if a Rule 404(g) motion had been filed, counsel would have been
better prepared for the punishment phase and could have proven Appellant’s alibi with the
“medical records” and the “detention” records. Appellant had testified that he had pins in his
foot on April 25, 1997, and that his brother was in juvenile detention on that date.
      The record is silent as to why trial counsel did not file a Rule 404(g) motion, and is also
silent whether this motion would have made any difference. The medical and juvenile records
may just as easily have contradicted Appellant’s story. When the record contains no evidence
of the reasoning behind trial counsel’s action or inaction, the appellate court cannot conclude
counsel’s performance was deficient. Jackson, 877 S.W.2d at 771-72.
      Appellant’s second allegation of ineffective assistance is that trial counsel failed to present
a motion to suppress evidence based on an allegedly illegal traffic stop. In this case the record
is also silent as to counsel’s trial strategy. Therefore, we cannot speculate about the reasons
that counsel did not file a motion to suppress. Jackson, 877 S.W.2d at 771. It is possible that
counsel determined that filing a motion to suppress would have been frivolous. Officer
Stromboe testified Appellant ran a stop sign in his presence and made a turn without a signal. 
Having observed these offenses, the officer had probable cause to stop Appellant for traffic
offenses. Owens v. State, 861 S.W.2d 419, 420 (Tex. App.—Dallas 1993, no pet.). When the
officer approached Appellant’s vehicle, he smelled marihuana and saw crack cocaine in plain
view on the floorboard by the passenger’s foot. Appellant has not shown that any motion to
suppress would have been successful. Ryan v. State, 937 S.W.2d 93, 104 (Tex.
App.—Beaumont 1996, no pet.).
      Appellant’s third allegation of ineffective assistance alleges his trial counsel was
ineffective by failing to request a limiting instruction requiring the jury to disregard illegally-seized evidence. The failure to request a limiting instruction is a tactical or a strategic
decision. Ryan, 973 S.W.2d at 104. Counsel could have reasonably concluded that Appellant
would be better served with no limiting instructions at all, rather than further emphasizing the
evidence that was the subject of the instruction. Given the silence of the record concerning
why counsel chose to forego the instruction, this court must presume that counsel made a
knowing choice not to request a limiting instruction.
      In his fourth allegation of ineffective assistance, Appellant alleges trial counsel failed to
conduct a sufficient factual investigation to defend against the murder evidence presented at the
punishment phase. Specifically, Appellant complains that if counsel had done a better
investigation he would have had the medical and detention records to confirm Appellant’s alibi.
      Appellant presumes that, had counsel secured his medical records and his brother’s
detention records, they would have confirmed Appellant’s alibi. It is equally possible that
those records would have impeached Appellant’s story and that counsel knew this and did not
offer the records for that season.
      Appellant’s complaint is not firmly grounded in the record and Appellant has failed to
meet his burden to demonstrate his trial counsel’s ineffectiveness. McFarland v. State, 928
S.W.2d 482, 500 (Tex. Crim. App. 1996).
      Appellant’s fifth allegation of ineffective assistance alleges trial counsel failed to
adequately explain the extent to which prior unadjudicated bad acts could be used to impeach
him.
      During the guilt-innocence phase of trial, Appellant took the stand and denied he had any
knowledge or familiarity with the kinds of weapons found in his possession on November 27,
1997. The State called Officer Phillips in rebuttal who testified he arrested Appellant in
October 1997 for unlawfully carrying the same kind of weapon at issue in this case.
      Prior to testifying before the jury, Appellant took the stand and, in answer to questions by
his counsel, stated he understood that he had an absolute right to remain silent; that if he took
the stand he gave up his right to remain silent, and that the State could cross-examine him and
bring up information that it would not otherwise be able to put before a jury. Appellant stated
he understood the above and that he would give up his right to remain silent, and he took the
stand.
      The record thus reflects Appellant was warned that he could be cross-examined about
certain things the State would not otherwise be able to put before the jury.
      All of the allegations of ineffective assistance must be examined in the light of the totality
of counsel’s representation. Johnson v. State, 629 S.W.2d 731, 736 (Tex. Crim. App. 1981). 
In this case counsel conducted a voir dire, cross-examined the State’s witnesses, successfully
objected to the introduction of evidence, called a witness in Appellant’s behalf, and made a
favorable closing argument. Appellant obtained a lower sentence than that being sought by the
State or allowed by law. He had a history of gang membership and a misdemeanor record. 
The evidence of the extraneous offense of murder was compelling. Also the evidence of
Appellant’s guilt of possession of cocaine with intent to deliver, was overwhelming. He has
failed to establish that his counsel was ineffective.
 

      Appellant’s point of error and all five contentions made thereunder are overruled. The
judgment is affirmed.


                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Gray, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed June 21, 2000
Publish