

# IN THE
# TENTH COURT OF APPEALS

_____

### No. 10-11-00243-CR

**MOISES SAUCEDO,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

### From the 66th District Court
### Hill County, Texas
### Trial Court No. 36,273

_____

## MEMORANDUM  OPINION

_____

Moises Saucedo pled guilty to three counts of possession of a controlled substance with the intent to deliver and sentenced to 5 years in prison after the trial court denied his motion to suppress.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (West 2010).  We affirm.

### BACKGROUND

Cody Cole, a deputy with the Hill County Sheriff's Office, was the sole witness at the motion to suppress hearing.  He testified that he stopped Saucedo for speeding.

Saucedo told Cole that he was visiting his cousin in Dallas for the weekend and was driving from Laredo. During the stop, Cole became suspicious of Saucedo. As Cole gave Saucedo a warning for speeding, he asked Saucedo for consent to search. Saucedo agreed. Cole became more suspicious during the search, focusing on a battery under the hood which was very clean compared to the engine compartment, was too big for the vehicle, and had loose cables with tool marks on them and on the bolts. The battery caps were taken off and a metal trailer seal that was used to stick down into the battery confirmed a false compartment in the battery. A density meter also indicated that the density of the battery differed significantly from the top of the battery to the bottom of it. Cole asked Saucedo if he would follow Cole to a wrecker service to check the battery. Saucedo agreed. At the wrecker service, a hole was drilled into the battery. A substance believed to be methamphetamine was discovered in the battery.

## MOTION TO SUPPRESS—STANDING

In one issue, Saucedo contends that the trial court erred in denying his motion to suppress. He complains only about the search of the vehicle in which he was stopped, specifically, that the court erred because there was no probable cause to search the vehicle; there was no search incident to a lawful arrest; there was no proper vehicle search; there was no proper inventory search conducted; and Saucedo's consent to search was not voluntary and did not extend to the drilling of the car battery.

We must first determine whether Saucedo has standing to complain about the search of the vehicle. Saucedo claims that he has standing while the State argues that he does not.

Any defendant seeking to suppress evidence obtained in violation of the Fourth Amendment must first show that he personally had a reasonable expectation of privacy that the government invaded. *See Rakas v. Illinois*, 439 U.S. 128, 134, 99 S. Ct. 421, 425, 58 L. Ed. 2d 387 (1978); *Carroll v. State*, 56 S.W.3d 644, 650 (Tex. App.—Waco 2001, pet. ref'd). He must prove that he was a "victim" of the unlawful search. *Kothe v. State*, 152 S.W.3d 54, 59 (Tex. Crim. App. 2004); *State v. Klima*, 934 S.W.2d 109, 110 (Tex. Crim. App. 1996) (defendant has the burden to prove standing). We review the issue of standing de novo. *Kothe v. State*, 152 S.W.3d 54, 59 (Tex. Crim. App. 2004).

Saucedo did not own the vehicle in which he was stopped. A defendant has no standing to challenge the search of a vehicle he does not own unless he shows he gained possession of the borrowed car from the owner or one authorized to give permission to drive it. *Rovnak v. State*, 990 S.W.2d 863, 867 (Tex. App.—Texarkana 1999, pet. ref'd). *See State v. Crisp*, 74 S.W.3d 474, 480-481 (Tex. App.—Waco 2002, no pet.); *Nite v. State*, 882 S.W.2d 587, 591 (Tex. App.—Houston [1st Dist]. 1994, no pet.).

At the hearing on Saucedo's motion to suppress, evidence was admitted that the vehicle searched was registered to Rosa Rios of Laredo. Saucedo had initially told Cole that the vehicle was his. He then changed his story and said he was buying it from a

friend. He did not know the friend's name. No evidence was offered as to who was Rosa Rios. No evidence was offered at the hearing to demonstrate that Saucedo had any interest in or right to use the vehicle. In the absence of any such evidence, Saucedo could not show a reasonable expectation of privacy in the vehicle and, thus, did not have standing to contest its search.[1] *See Flores v. State*, 871 S.W.2d 714, 719-720 (Tex. Crim. App. 1993).

## CONCLUSION

Because he has no standing complain about the search of the vehicle, Saucedo's sole issue is overruled. The trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed August 2, 2012
Do not publish
[CR25]

---

[1] Saucedo cites *Goodwin v. State* for the proposition that because he had a backpack in the vehicle, he has standing to challenge the search of the vehicle. *Goodwin v. State*, 799 S.W.2d 719, 725 n. 2 (Tex. Crim. App. 1990). We disagree. First, there is no evidence in the record that the backpack in the vehicle belonged to Saucedo. Second, in *Goodwin*, the seized items were located in the searched bags. In this case, nothing was seized from the backpack.