The STATE of Texas, Appellant,

v.

Kevin Dewayne ALLEN, Appellee.

No. 01–99–01358–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 26, 2001.

Rehearing Overruled Sept. 20, 2001.

Matt Hennessy, DeGuerin & Dickson, Houston, for Appellee.

Jeri Yenne, Criminal District Attorney, David Bosserman, Assistant Criminal District Attorney, Angleton, for Appellant.

Panel consists of Chief Justice SCHNEIDER and Justices TAFT and BRISTER.*

## OPINION

BRISTER, Justice.

The State appeals an order granting appellee's motion to suppress evidence. Tex.Crim. Proc.Code Ann. art. 44.01(a)(5) (Vernon Supp.2001). The underlying cause is a prosecution for possession of over 400 grams of cocaine. The evidence suppressed by the trial court includes a large quantity of cocaine found in the trunk of a vehicle driven by appellee, Kevin Dewayne Allen. We reverse.

On the afternoon of May 16, 1998, Trooper James Holland stopped a car for speeding and having illegally-dark window tinting. Appellee was the car's driver. Appellee's girlfriend, Talundria Watson, owned the car and was riding in the passenger seat at the time of the stop.

Appellee moved to suppress the evidence on two grounds-no probable cause and no consent for the warrantless search. The State contested these points and argued that appellee had no standing to object to the search.[1] At the suppression hearing, the State called Trooper Holland to testify and played a videotape of the stop and search. Appellee presented no testimony. The parties presented authorities and arguments on the issues of standing, consent, and probable cause. The trial court granted the motion to suppress without issuing findings.

◼ In point of error one, the State contends the trial court erred in granting appellee's motion to suppress because he lacked standing to contest the search. Only defendants whose Fourth Amendment rights have been violated may benefit from the suppression of evidence pursuant to the Exclusionary Rule. *Rakas v. Illinois*, 439 U.S. 128, 134, 99 S.Ct. 421, 425, 58 L.Ed.2d 387 (1978). The defendant has the burden to establish standing to object to a search. *State v. Klima*, 934 S.W.2d 109, 110 (Tex.Crim.App.1996). We review standing de novo, as it is a question of law. *State v. Johnson*, 896 S.W.2d 277, 285 (Tex.App.—Houston [1st Dist.] 1995), *aff'd*, 939 S.W.2d 586 (Tex.Crim.App.1996).

The facts on which appellee relies are undisputed. Appellee was the driver of the car searched, and Watson the owner. Watson was a passenger at the time of the stop, and appellee was driving with her permission. The question of law presented is whether this is enough to show standing.

◼ These facts fall between two lines of cases in which the law of standing is clear. On the one hand, a nonowner passenger does not have standing to challenge a search of a car's trunk. *See Rakas v. Illinois*, 439 U.S. at 148–49, 99 S.Ct. at 433; *Hughes v. State*, 24 S.W.3d 833, 838 (Tex.Crim.App.2000). But a nonowner who is the sole occupant and driver of a car with the owner's permission does have standing. *State v. Johnson*, 896 S.W.2d at 285; *cf. Nite v. State*, 882 S.W.2d 587, 591 (Tex.App.—Houston [1st Dist.] 1994, no pet.) (holding no standing for defendant who was not authorized driver of rental car); *Flores v. State*, 871 S.W.2d 714, 720 (Tex.Crim.App.1993) (holding no standing for defendant who did not introduce evi-

---

1. Both parties have addressed the issue in this case as one of standing. In *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), the Supreme Court expressed a preference for analyzing search and seizure cases in terms of a person's legitimate expectation of privacy under the Fourth Amendment, rather than under the concept of standing. But the Court acknowledged that the inquiry under either approach is the same. *Id.* at 140, 99 S.Ct. 421. Texas courts have continued to use the latter term when applying the former analysis. *See, e.g., State v. Klima*, 934 S.W.2d 109 (Tex.Crim.App.1996); *Nite v. State*, 882 S.W.2d 587 (Tex.App.—Houston [1st Dist.] 1994, no pet.). For ease of reference, we have done the same in this opinion.

dence that he had permission to drive his mother's car). The question presented in this case is whether a nonowner driver has standing when the owner is also present.

Two federal circuit courts have denied standing to a defendant in appellee's position. *See United States v. Jefferson*, 925 F.2d 1242, 1249–51 (10th Cir.1991); *United States v. Lochan*, 674 F.2d 960, 965 (1st Cir.1982). These courts held that the presence of the owner—who clearly had standing to object to the search—diluted any claim to standing by the nonowner driver. Neither court established a per se rule, but both denied standing when the facts showed, (1) drugs were found in the trunk, (2) there was no evidence the defendant used the car at any other time, (3) the defendant placed no luggage or personal belongings in the trunk, and (4) the defendant claimed no property or possessory interest either in the car or in the property seized.[2] *See Jefferson*, 925 F.2d at 1249; *Lochan*, 674 F.2d at 964–65.

We agree with these decisions. A nonowner driving alone stands in the shoes of the owner. No one else is present to prevent access to any part of the car, or to object to an improper search by the police. But if the owner is present, she may grant or deny access to the nonowner or the police. Undoubtedly, some owners may grant permission to co-occupants to exercise these rights. But the same might be said of passengers, and the law is clear they have no standing. If nonowner passengers have no legitimate expectation of privacy with respect to an automobile's trunk, we do not see how that expectation changes when they change seats.

For the first time on appeal, appellee also argues that he has standing to complain of the search if it resulted from an illegal stop. *See, e.g., Lewis v. State*, 664 S.W.2d 345, 348 (Tex.Crim.App.1984). This issue was not raised in appellee's motion to suppress, nor was it argued at the hearing. Indeed, in the State's memorandum of law filed after the suppression hearing, the State did not bother to address this issue because appellee "[does not] contest that the initial stop or detention was justified."

■ Appellee argues that he can raise this new argument for the first time on appeal because we must affirm the trial court's ruling on any ground that is reasonably supported by the record[3] and based on a theory of law applicable to the case. *See, e.g., State v. Ross*, 32 S.W.3d 853, 855–56 (Tex.Crim.App.2000). We disagree. We do not believe the "law applicable to a case" includes legal theories that were never raised in the trial court. *Sedani v. State*, 848 S.W.2d 314, 319 (Tex. App.—Houston [1st Dist.]1993, pet. ref'd); *see State v. Gonzales*, 850 S.W.2d 672, 675 (Tex.App.—San Antonio 1993, pet. ref'd) (refusing to affirm suppression on ground not raised by defendant or addressed by judge at suppression hearing); *cf. State v. Mercado*, 972 S.W.2d 75, 77 (Tex.Crim. App.1998) (holding that to reverse suppression on ground not raised by State or addressed by judge at suppression hearing is error).

**2.** *Jefferson* and *Lochan* both stated that the defendant's admission of an interest in the contraband could not be used as direct evidence against him at trial. *See Jefferson*, 925 F.2d at 1250, n. 8; *Lochan*, 674 F.2d at 965, n. 6 (citing *Simmons v. United States*, 390 U.S. 377, 389–94, 88 S.Ct. at 967, 973–76, 19 L.Ed.2d 1247 (1968) and *United States v. Sal-*

*vucci*, 448 U.S. 83, 93–94, 100 S.Ct. 2547, 2553–54, 65 L.Ed.2d 619 (1980)).

**3.** At the beginning of his cross-examination of Trooper Holland, defense counsel asked several questions to show that the traffic stop was based on his "eyeball calculations" of the speed and window tinting of the vehicle, rather than a reading from radar or a tint meter.

Serious questions of notice and fairness arise if evidence can be excluded for secret reasons revealed only on appeal. *See Willover v. State,* 38 S.W.3d 672, 674 (Tex.App.—Houston [1st Dist.] 2000 & 2001, pet. filed); *cf. State v. Klima,* 934 S.W.2d at 110 (holding State may raise standing for first time on appeal because defendants have notice that this is an element of their Fourth Amendment claim). Having grounded his motion to suppress on one ground, appellee cannot switch it on appeal. Tex.R.App. P. 33.1; *State v. Gonzales,* 850 S.W.2d at 675; *see also State v. Johnson,* 896 S.W.2d at 281 (stating that in State's appeal from suppression order, appellate court must look to grounds raised in defendant's motion to determine whether trial court abused its discretion).

We sustain the State's point of error one. Due to our disposition of point of error one, we do not reach point of error two.

We reverse the trial court's suppression order and remand the cause to the trial court for further proceedings.

