Opinion issued February 19, 2004














In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00085-CR
____________

DARWIN LENDELL TURNER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 11 
Harris County, Texas
Trial Court Cause No. 1144377 





O P I N I O N
          After his motion to suppress evidence was denied, appellant, Darwin Lendell
Turner, pleaded guilty, without an agreed punishment recommendation, to possession
of a usable quantity of less than two ounces of marihuana. See Tex. Health &
Safety Code Ann. § 481.121(b)(1) (Vernon 2003). The trial court found appellant
guilty and assessed punishment at three days’ confinement and a $1,000 fine. We
determine (1) whether the trial court erred by implicitly finding that Transportation
Safety Administration (TSA) agents’ search of appellant was reasonable under the
Fourth Amendment to the United States Constitution and Article I, Section 9 of the
Texas Constitution; (2) whether the trial court erred by implicitly finding that a TSA
agent’s initial stop of appellant was lawful under the Fourth Amendment to the
United States Constitution and Article I, Section 9 of the Texas Constitution; (3)
whether the trial court erred in admitting the testimony of TSA agent Timothy Henry
as to the actions of an unidentified gate agent and TSA agent Victoria Jack; and (4)
whether Henry’s testimony as to the actions of the gate agent and Jack deprived
appellant of his right to confront witnesses. We affirm.
Facts
           Appellant was attempting to board a Southwest Airlines aircraft at Houston
Hobby Airport on November 13, 2002. Appellant was one of the last passengers to
board the plane, and an unidentified “gate agent” randomly selected him to participate
in a secondary security screening. Henry, a federal security screener, was stationed
at the boarding gate at which appellant was selected for screening. Henry approached
appellant and asked him to remove all metal objects from his pocket and on his
person. Henry then began the security wanding process, which alerted him with an
alarm to appellant’s right front pocket. Henry explained to appellant that, because the
alarm went off, he was going to have to pat down the area to make sure that there
were no weapons or contraband on appellant’s person. Appellant told Henry that he
had a cigarette package in his right front pocket, and Henry asked appellant if he
could remove the package. Appellant removed the package and handed it directly to
Henry. Henry then handed the package to Jack, another federal security screener
standing next to Henry. Jack then asked appellant what was contained in the package. 
When appellant did not respond, Jack opened the package, observed the bag of
marihuana, and notified her supervisor. The supervisor notified the Houston Police
Department (HPD). Jack gave the package to HPD Officer Loretta Pettitt, and Pettitt
took appellant into custody.Standing to Contest Detention and Search
          In his first and second points of error, appellant asserts that the initial stop and
the subsequent search of him conducted when he attempted to board the aircraft
violated the Fourth Amendment of the United States Constitution and Article 1,
Section 9 of the Texas Constitution. See U.S. Const. amend. IV; Tex. Const. art.
I, § 9. The State contends that appellant has no standing to object to the airport
security screening because appellant did not have a reasonable expectation of privacy. 
We note that airport security screening encompasses both a stop and a search, neither
of which is sought to be justified by probable cause or articulable suspicion. What
appellant is clearly challenging is random, suspicionless stops and searches of airline
passengers at airports prior to boarding.
          The State is permitted to assert a defendant’s lack of standing to contest a
search for the first time on appeal. See State v. Klima, 934 S.W.2d 109, 111 (Tex.
Crim. App. 1996); State v. Allen, 53 S.W.3d 731, 734 (Tex. App.—Houston [1st
Dist.] 2001, no pet.). Standing is a question of law, which we review de novo. State
v. Johnson, 896 S.W.2d 277, 285 (Tex. App.—Houston [1st Dist.] 1995), aff’d, 939
S.W.2d 586 (Tex. Crim. App. 1996). An accused has standing to contest a search,
under the Texas and United States Constitutions, only if he had a legitimate
expectation of privacy in the place that government officials or agents invaded. See
Granados v. State, 85 S.W.3d 217, 222-23 (Tex. Crim. App. 2002); Wilson v. State,
98 S.W.3d 265, 268 (Tex. App.—Houston [1st Dist.] 2002, pet ref’d). To have
standing, a defendant must show (1) that by his conduct, he exhibited an actual,
subjective expectation of privacy, i.e., a genuine intention to preserve something as
private, and (2) that society is prepared to recognize his subjective expectation as
objectively reasonable. Villarreal v. State, 935 S.W.2d 134, 138 (Tex. Crim. App.
1996). Therefore, even if a defendant demonstrates a subjective expectation of
privacy, his expectation must be one that society will recognize as reasonable. See
id.
          Screeners randomly selected appellant for a secondary security screening as he
attempted to board an aircraft. Although appellant, by concealing the marihuana in
a cigarette package in his pocket, took some measures to indicate that he had a
subjective expectation of privacy, he has not shown that that expectation is one that
society will recognize as objectively reasonable.
          In determining whether society will recognize an accused’s subjective
expectation of privacy as reasonable, it is helpful to look at relevant legislation. See
Chapa v. State, 729 S.W.2d 723, 728 (Tex. Crim. App. 1987) (asserting that, in case
involving search of taxi-cab passenger compartment, municipal code provisions
pertaining to taxi-cab passenger rights provide clear indicium of society’s
preparedness to accept passenger’s subjective expectation of privacy in passenger
compartment). Congress passed legislation in the wake of the September 11, 2001
commercial aircraft attacks, creating the Transportation Security Administration to
oversee security at airports throughout the United States. See 49 U.S.C.A. § 114(a)
(West Supp. 2004). The portion of that statute pertaining to passenger screening
states:
The Under Secretary of Transportation for Security shall provide for the
screening of all passengers and property, including . . . carry-on and
checked baggage, and other articles, that will be carried aboard a
passenger aircraft operated by an air carrier or foreign air carrier in air
transportation or intrastate air transportation.

Id. § 44901(a) (West Supp. 2004). This statute provides some indication that society
recognizes that all passengers boarding aircraft in the United States are subject to a
search of themselves and all property that they attempt to bring aboard the aircraft,
regardless of the location of the airport or the destination of the flight. Consequently,
any subjective expectation that appellant has that, in boarding a flight, he will not be
stopped at the gate or searched, is not one that society recognizes as objectively
reasonable. Cf. United States v. Pulido-Baquerizo, 800 F.2d 899, 902 (9th Cir. 1986)
(stating that “a visual inspection and limited hand search of luggage which is used for
the purpose of detecting weapons or explosives, and not in order to uncover other
types of contraband, is a privacy intrusion we believe free society is willing to
tolerate”). Moreover, long before September 11, 2001, one who attempted to board
a commercial aircraft at a public airport knew or should have known that he was
subject to being searched. See Clay v. United States, 638 F.2d 889, 892 (5th Cir.
1981); Wehrli v. United States, 637 F.2d 408, 409 (5th Cir. 1981); Skipwith v. United
States, 482 F.2d 1272, 1273 (5th Cir. 1973). 
          Appellant contends that the suspicionless search was unreasonable in violation
of the Fourth Amendment of the United States Constitution. See Brown v. Texas, 443
U.S. 47, 50-51, 99 S. Ct. 2637, 2640 (1979) (setting out balancing test to determine
reasonableness of search under Fourth Amendment); State v. Sanchez, 856 S.W.2d
166, 170 (Tex. Crim. App. 1993) (holding that evidence of standardized procedures
in operating roadblock and evidence of effectiveness of roadblock were necessary to
show reasonableness). Because we have determined that appellant does not have
standing to challenge the secondary screening at the boarding gate, including the
wanding process and the search of the cigarette package that set off the alarm, we do
not reach the issue of the reasonableness of the procedure under the Fourth
Amendment. We also do not reach another issue raised by the State: whether
appellant gave implied consent to his stop and search.
          Accordingly, we hold that appellant, while attempting to board a commercial
aircraft at a public airport, did not have an objectively reasonable expectation not to
be stopped or searched that society will recognize so as to have standing to complain
of the unlawfulness of his random detention and subsequent search.
          We overrule appellant’s first and second points of error.
Hearsay
          In his third and fourth points of error, appellant contends that the trial court
erred by allowing the testimony of Henry as to the statements of an unidentified gate
agent and Jack because Henry’s testimony constituted inadmissible hearsay and
because Henry’s testimony deprived appellant of his right to confront witnesses.
          However, the rules of evidence “except with respect to privileges, do not apply
in the following situations: (A) the determination of questions of fact preliminary to
admissibility of evidence when the issue is to be determined by the court under Rule
104.” Tex. R. Evid. 101(d)(1). Rule 104 states that “preliminary questions
concerning . . . the admissibility of evidence shall be determined by the court . . . . 
In making its determination the court is not bound by the rules of evidence except
those with respect to privileges.” Tex. R. Evid. 104(a). Because suppression
hearings involve the determination of preliminary questions concerning the
admissibility of evidence, the rules of evidence, with the exception of privileges, do
not apply to suppression hearings. See Granados, 85 S.W.3d at 227 (acknowledging
that former Texas Rule of Criminal Evidence 1101(d)(4) stated that rules of evidence
applied to suppression hearings, but that that rule was not incorporated in the current
rules of evidence, so that rules of evidence 101(d)(1)(A) and 104(a) controlled). The
trial court did not err in admitting Henry’s statements because the rules of evidence
did not apply to appellant’s hearing. See id.
          We overrule appellant’s third and fourth points of error. 
 
 
 
ConclusionWe affirm the judgment of the trial court.
 
 
                                                                        Tim Taft
                                                                        Justice
Panel consists of Justices Taft, Keyes, and Bland.
Publish. Tex. R. App. P. 47.2(b).