Affirmed and Majority and Dissenting Opinions filed January 12, 2006









Affirmed and Majority and Dissenting Opinions filed January 12,
2006.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-05-00129-CR

_______________

 

THE STATE OF TEXAS, Appellant

 

V.

 

CORY A. STEVENS, Appellee

______________________________________________

 

On Appeal from the 23rd District Court

Brazoria County, Texas

Trial Court Cause No. 28,108

______________________________________________

 

M A J O R I T Y  
O P I N I O N

 

The
State appeals the trial court=s granting of Cory A. Stevens=s motion to suppress evidence.[1]  We affirm.








In
1995, appellee pleaded no contest to a charge of involuntary manslaughter in
Brazoria County and was placed on ten years deferred adjudication
probation.  In 2003, the State filed a
motion to adjudicate guilt, alleging appellee violated the terms of his
probation by driving while intoxicated (ADWI@) in Tom Green County.  In the Tom Green County DWI prosecution (the ADWI case@), appellee filed a motion to
suppress all of the evidence on Fourth Amendment grounds, the trial court
granted the motion without making express findings of fact, and the State
dismissed that case. 

Appellee
thereafter filed a motion to suppress all of the evidence from the DWI case in
the adjudication proceeding.  Based on
the transcript of the suppression hearing in the DWI case and the arguments of
counsel, but no further evidence, the trial court granted appellee=s motion to suppress.[2]  It is from this ruling that the State now
appeals.

A
trial court=s ruling must be upheld if it is
correct under any theory of law applicable to the case and supported by the
record even if the trial court gives the wrong reason for its ruling.  Estrada v. State, 154 S.W.3d 604, 607
(Tex. Crim. App. 2005); Armendariz v. State, 123 S.W.3d 401, 404 (Tex.
Crim. App. 2003) cert. denied, 541 U.S. 974 (2004).  Thus, although a trial court=s ruling generally may not be reversed
on a ground not raised in the trial court, such a ruling can (and should)
be upheld if it is correct under any applicable theory, including one never
raised by the appellee.[3]








When
reviewing a trial court=s ruling on a mixed question of law and fact, such as
reasonable suspicion or probable cause, we review the trial court=s application of the law to the facts
of the case de novo.  Estrada,
154 S.W.3d at 607.  However, we afford
almost total deference to the trial court=s determinations of historical facts
that involve an evaluation of the credibility and demeanor of the
witnesses.  Masterson v. State,
155 S.W.3d 167, 170 (Tex. Crim. App. 2005), petition for cert. filed, __
U.S.L.W. __ (U.S. May 3, 2005)(No. 04-10283). 
We also afford deference to a trial court=s determination of historical facts
based exclusively on physical or documentary evidence, as in this case, rather
than on the credibility of any live witnesses.  See Manzi v. State, 88 S.W.3d 240, 243-44
(Tex. Crim. App. 2002).  A trial court
may believe or disbelieve all or any part of a witness=s testimony, even if that testimony
is uncontroverted.  Masterson, 155
S.W.3d at 171.

Where,
as here, the trial court does not make explicit findings of fact in ruling on a
motion to suppress, we review the evidence in the light most favorable to the
ruling and assume the trial court made whatever implicit findings of fact were
necessary to reach that ruling and supported by the record .  Ford v. State, 158 S.W.3d 488, 492-93
(Tex. Crim. App. 2005).  Thus, where a
motion to suppress is granted despite evidence supporting the existence of
reasonable suspicion or probable cause (whether controverted or
uncontroverted), we presume the trial court found that evidence not
credible.  State v. Ross, 32
S.W.3d 853, 856-58 (Tex. Crim. App. 2000).








The
State=s sole issue on appeal challenges the
granting of the motion to suppress all evidence from the DWI case based on
collateral estoppel because the ruling on the motion to suppress in that case
neither decided an ultimate issue nor was it a final judgment.  Although the collateral estoppel ruling by
the trial court is questionable,[4]
we must affirm the granting of the motion to suppress if it is correct under any
theory of law applicable to the case, even if not raised by appellee in the
trial court.[5]  








The
Tom Green County court granted appellee=s motion to suppress for a lack of
reasonable suspicion in stopping appellee.[6]  The record from the suppression hearing in
the DWI case contained the Police Officer=s testimony that he stopped appellee
after witnessing him commit traffic violations, and thus had reasonable
suspicion for the stop.  See Tex. Code Crim. Proc. Ann. art.
14.01(b) (Vernon 2005); Tex. Transp. Code Ann. ' 543.001 (Vernon 1999).  We must therefore presume that the trial
court=s granting of the motion was based on
a credibility determination (rather than an erroneous application of the law to
those facts).  See Ross, 32 S.W.3d
at 857-58.  Affording the same deference
to the suppression ruling by the Brazoria County trial court, that ruling would
likewise be correct under a theory of law that is applicable to the case and
supported by the record, even if it was not a ground presented to, or relied
upon, by the trial court.  See Martinez v. State, 91 S.W.3d 331, 336 (Tex. Crim. App.
2002).  Under these circumstances, the
State=s issue affords no basis for
reversal.  Accordingly it is overruled,
and the judgment of the trial court is affirmed.

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Majority and Dissenting Opinions
filed January 12, 2006.

 

Panel consists of
Justices Fowler, Edelman, and Guzman. 
(Fowler, J., dissenting.)

Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]           The
State may appeal an order in a criminal case granting a motion to suppress
evidence.  Tex. Code Crim. Proc. Ann. art. 44.01(a)(5) (Vernon Supp.
2005).





[2]           Because
it has not been raised by the State, we do not address whether the Fourth
Amendment exclusionary rule even applies to a community supervision revocation
proceeding.  See Pa. Bd. of Prob.
& Parole v. Scott, 524 U.S. 357, 363-64 (1998)(holding that the
exclusionary rule does not apply to proceedings other than criminal trials); Arkansas
v. Sullivan, 532 U.S. 769, 771-72 (2001)(finding that states are not
permitted to interpret the Fourth Amendment as offering greater protection than
determined by the United States Supreme Court); Oles v.State, 993 S.W.2d
103, 105 n.1 (Tex. Crim. App. 1999)( stating that the Texas Court of Criminal
Appeals has repeatedly held that Article I, ' 9 of
the Texas Constitution does not provide any greater protection than the Fourth
Amendment exclusionary rule); Hulit v. State, 982 S.W.2d 431, 436 (Tex.
Crim. App. 1998)(same). 





[3]           Martinez
v. State, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002)(holding that appellate
courts may uphold a trial court=s ruling on any legal theory or basis applicable to
the case, but may not reverse a trial court=s ruling
on any theory or basis that might have been applicable to the case, but was not
raised); Hailey v. State, 87 S.W.3d 118, 121-22 (Tex. Crim. App. 2002)
(same); State v. Mercado, 972 S.W.2d 75, 77-78 (Tex. Crim. App.
1998).  It is thus not apparent how
decisions such as Allen, holding that an appellate court may not
affirm a trial court=s granting of a motion to suppress ruling on a ground
not raised in the trial court, conforms with the holdings in Mercado, Martinez
and Hailey.  See State v.
Allen, 53 S.W.3d 731, 733-34 (Tex. App.CHouston
[1st Dist.] 2001, no pet.).  





[4]           In
addition to other considerations, such as that the suppression ruling in the
DWI case was not a final judgment on the merits and that jeopardy had not
attached in that case, that ruling did not reflect a finding of any particular
fact.  See Ashe v. Swenson, 397
U.S. 436, 443 (1970)(holding that the doctrine of collateral estoppel applies
when an issue of ultimate fact has necessarily been determined by a valid final
judgment).  In explaining its ruling in
the present case, the Brazoria County trial court stated that:

 

the Court of Tom Green County made its finding that
the stop and arrest of Defendant was without reasonable and/or probable cause,
and therefore that all facts regarding the unlawful DWI arrest and detention
of defendant, . . . were adjudicated in favor of Defendant, and
thus, under the doctrine of collateral estoppel and in accordance with Guajardo
v. State the Motion to Suppress all evidence from Tom Green County should
be Granted.  (emphasis added).

 

However, it
does not logically follow from the suppression ruling in the DWI case that all
facts were found in favor of appellee. 
The trial court made no express findings of fact in that case.  Moreover, even in a suppression hearing where
the only evidence presented is the testimony of the police officer (supporting
denial of the motion), a trial court might nevertheless grant the motion
because it does not know what the facts are (and thus cannot make any
affirmative findings of fact), but just isn=t
convinced that the facts are as the witness has testified.  Ross, 32 S.W.3d at 856.  Without a specific fact that the record reflects
was necessarily decided in such a ruling, collateral estoppel does not apply. See
Ashe, 397 U.S. 443; Guajardo v. State, 109 S.W.3d 456, 460-61 (Tex.
Crim. App. 2003).





[5]           Armendariz,
123 S.W.3d at 404.





[6]           A
police officer may, consistent with the Fourth Amendment, conduct a brief,
investigatory stop when the officer has an objectively reasonable and
articulable suspicion that criminal activity is afoot.  Illinois v. Wardlow, 528 U.S. 119,123
(2000); Brother v. State, 166 S.W.3d 255, 257 (Tex. Crim. App.
2005).  In making reasonable suspicion
determinations, courts must look at the totality of circumstances of each case
to see whether the detaining officer has a particularized and objective basis
for suspecting legal wrongdoing.  United
States v. Arvizu, 534 U.S. 266, 273 (2002).