**AFFIRMED; and Opinion Filed April 13, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-13-01584-CR

### BRIGHAM EUGENE KREBS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 6**
**Collin County, Texas**
**Trial Court Cause No. 006-80655-2013**

## MEMORANDUM OPINION
Before Justices Bridges, Lang, and Evans
Opinion by Justice Lang

Following the denial of his motion to suppress evidence, Brigham Eugene Krebs pleaded guilty to driving while intoxicated. The trial court imposed a sentence of 120 days' confinement, probated for fifteen months, and assessed a $500 fine. In a single issue, Krebs asserts the trial court erred in denying his motion to suppress. We disagree and affirm the trial court's judgment.

### I. BACKGROUND

Krebs was arrested after he admitted rear-ending another car and field sobriety tests administered at the scene showed he was intoxicated. Although he admitted he was responsible for the accident, Krebs moved to suppress, in part, "all evidence, whether testimonial or physical, relating to or resulting from [his warrantless] arrest." Krebs asserted the arresting officer lacked probable cause to arrest him because the officer had not seen him driving.

At the hearing on the motion to suppress, Dallas police corporal Joshua Boykin testified he was called to the scene to administer the field sobriety tests at the request of the responding officers, who smelled alcohol on Krebs's breath and suspected Krebs was intoxicated. Boykin further testified he talked with Krebs prior to administering the tests and noticed Krebs's eyes were bloodshot, his speech was slurred, and he "swayed while standing." According to Boykin, Krebs admitted he had been driving and had consumed a "couple" of the "larger . . . draft beers" at a nearby restaurant about two to three hours before the accident. Based on the information he gathered from the responding officers and Krebs, his observations of Krebs, and Krebs's performance on the field sobriety tests, Boykin arrested Krebs for driving while intoxicated.

The trial court found the testimony credible and, based on *State v. Woodard*, 341 S.W.3d 404 (Tex. Crim. App. 2011), found Boykin had sufficient information to believe Krebs drove while intoxicated.

## II. SUPPRESSION OF EVIDENCE

Krebs's contention that his motion should have been granted because Boykin did not see him driving is founded on Texas Code of Criminal Procedure article 14.01(b), which provides that an "officer may arrest an offender without a warrant for any offense committed in his presence or within his view." *See* TEX. CODE CRIM. PROC. ANN. art. 14.01(b) (West 2005). In arguing this point, Krebs recognizes the Texas Court of Criminal Appeals has held that a warrantless arrest is permitted under 14.01(b) even if the officer did not observe the commission of an offense as long as the officer received information from reasonably trustworthy sources that an offense was committed. *See Torres v. State*, 182 S.W.3d 899, 901-02 (Tex. Crim. App. 2005). He also recognizes that in the DWI context specifically, the court of criminal appeals in *Woodard* found lawful an arrest that was based on the defendant's admission of driving while intoxicated, the arresting officer's observation that the defendant exhibited signs of intoxication,

and the discovery by another officer of alcoholic beverages in defendant's car. *See Woodard*, 341 S.W.3d at 414. Krebs asserts, however, that *Woodard* and the other cases holding an officer does not need to witness the offense being committed to effect a warrantless arrest were wrongly decided. Further, he argues that the facts in *Woodard* are distinguishable from the facts at hand.[1]

## A. Applicable Law

Under the Fourth Amendment to the United States Constitution, a warrantless arrest is unreasonable per se and any evidence obtained as a result inadmissible unless the State shows the arrest fell within one of the exceptions to the general exclusionary rule and the officer had probable cause, that is, a "reasonable ground for belief of guilt." *See Baldwin v. State*, 278 S.W.3d 367, 371 (Tex. Crim. App. 2009); *Torres*, 182 S.W.3d at 901-02; *Wilson v. State*, 621 S.W.2d 799, 804 (Tex. Crim. App. 1981). Exceptions to the general rule are limited and are governed primarily by Chapter 14 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. ch. 14 (West 2005 & SUPP. 2014); *Swain v. State*, 181 S.W.3d 359, 366 (Tex. Crim. App. 2005). As acknowledged by Krebs, the court of criminal appeals has held that, under article 14.01(b) of the code of criminal procedure, an officer may effect a warrantless arrest based on his own observations, information received from trustworthy sources that an offense was committed, or a combination of both. *See* TEX. CODE CRIM. PROC. ANN. art. 14.01(b); *Torres*, 182 S.W.3d at 901-02.

## B. Standard of Review

When, as here, the facts are uncontroverted and the testimony found credible, an appellate court reviews the trial court's ruling on a motion to suppress *de novo*. *See Woodard*, 341 S.W.3d at 410; *State v. Ross*, 32 S.W.3d 853, 858 (Tex. Crim. App. 2000). In conducting

---

[1] Krebs asserts also that he was illegally detained by the responding officers. Krebs, however, did not make this argument to the trial court. Accordingly, the argument is waived. *See State v. Mercado*, 972 S.W.2d 75, 78 (Tex. Crim. App. 1998); *State v. Allen*, 53 S.W.3d 731, 734 (Tex. App.-–Houston [1st Dist.] 2001, no pet.).

this review, the court is bound by the law declared by the court of criminal appeals. *State ex rel. Vance v. Clawson*, 465 S.W.2d 164, 168 (Tex. Crim. App. 1971); *Hailey v. State*, 413 S.W.3d 457, 489 (Tex. App.—Fort Worth 2012, pet. ref'd).

### *C. Application of Law to Facts*

Krebs's argument that *Woodard* and other similar court of criminal appeals decisions were incorrectly decided is not an argument we are authorized to address. *See Clawson*, 465 S.W.2d at 168. As an intermediate court of appeals, we are bound by *Woodard* and other court of criminal appeals' decisions. *See Hailey*, 413 S.W.3d at 489. Accordingly, we apply *Woodard* and other decisions similarly holding that an officer need not personally witness the offense being committed before making a warrantless arrest.

Although Krebs argues the facts in *Woodard* are distinguishable, we disagree. Krebs argues his case differs from *Woodard* in that in *Woodard*, the arresting officer learned from the appellant directly that the appellant had been driving while here, Boykin, the arresting officer, learned of Krebs's driving from another source.[2] *See Woodard*, 314 S.W.3d at 407-08. The record, however, reflects Boykin learned of Krebs's driving from Krebs himself. This information, along with Krebs's admission he had been drinking, Boykin's observations of Krebs, and the results of the field sobriety tests provided Boykin with probable cause to believe Krebs had been driving while intoxicated and to arrest him. *See*, *e.g.*, *Gutierrez v. State*, 327 S.W.3d 257, 263 (Tex. App.—San Antonio 2010, no pet.) (arresting officer's observations of appellant, including field sobriety test results, and appellant's admission he had been drinking gave officer probable cause to arrest appellant for driving while intoxicated). On the record,

---

[2] Krebs also argues *Woodard* is distinguishable because Woodard was not illegally detained. *See Woodard*, 341 S.W.3d at 412-13. Because Krebs did not argue to the trial court that he was illegally detained by the responding officers, we need not address this contention. *See Allen*, 53 S.W.3d at 734.

before us, we conclude Boykin's warrantless arrest of Krebs was reasonable and the trial court did not err in denying Krebs's motion to suppress. We resolve Krebs's sole issue against him.

### III. CONCLUSION

Having decided Krebs's sole issue against him, we affirm the trial court's judgment.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

131584F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

BRIGHAM EUGENE KREBS, Appellant

No. 05-13-01584-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 6, Collin County, Texas
Trial Court Cause No. 006-80655-2013.
Opinion delivered by Justice Lang. Justices Bridges and Evans participating.

Based on the Court's opinion of this date, we **AFFIRM** the trial court's judgment.

Judgment entered this 13th day of April, 2015.